UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH JAMES NEILSON,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES, et al.,<br><br>    Defendants. | Civil Action No. 08-2059 (JDB) |

## MEMORANDUM OPINION

Plaintiff Kenneth James Neilson, proceeding pro se, brings this action against the United States, the Internal Revenue Service ("IRS"), and IRS Special Agent Mercedes Manzur in her official capacity, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3416 and 3418. Plaintiff alleges that defendants unlawfully issued third-party summonses to seven financial institutions requesting their records in connection with him, and he requests an injunction prohibiting defendants from using records obtained through the summonses and a declaration that defendants have violated his rights. In response, defendants contend that plaintiff has failed to follow statutory procedures for seeking relief from the summonses. They also contend that the Court otherwise lacks jurisdiction to grant the relief requested. Hence, defendants have filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Upon consideration of defendants' motion, plaintiff's opposition, and the entire record, the Court will grant defendants' motion.

## BACKGROUND

The special procedures applicable to third-party IRS summonses are set forth at 26 U.S.C.

§ 7609. "Generally speaking, the IRS may issue a summons to any third-party recordkeeper requiring the production of records and documents relating to a specific taxpayer's financial activities, with notice of the summons to be given to the taxpayer." See McCammon v. United States, 569 F. Supp. 2d 78, 80 (D.D.C. 2008) (internal citations and quotation marks omitted). Section 7609 also authorizes the taxpayer identified in the summons to file a petition to quash the summons in an appropriate judicial district. See 26 U.S.C. § 7609(b), (h). In this case, plaintiff has chosen to challenge the validity of the IRS third-party summonses under the Administrative Procedure Act and the Right to Financial Privacy Act, apparently choosing to forego the petition to quash process under § 7609.

Between December 15, 2006, and March 2, 2007, Mercedes Manzur, a Special Agent with the IRS Criminal Investigation Division, issued seven administrative summonses to request information concerning plaintiff's tax liabilities for the tax periods ending December 31, 1995, through December 31, 2005. Compl. ¶¶ 1-3 & Ex. A; Manzur Decl. ¶¶ 1-5. The summonses were issued to America First Credit Union, Charles Schwab & Co., Inc., Wells Fargo Bank/Wells Fargo Bank N.A., Merrill Lynch, Far West Bank, Zion's First National Bank, and US Bank N.A.. Compl. ¶ 2. Manzur did not provide advance notice of the summonses to plaintiff, but did send copies of the summonses to plaintiff on or about the same dates as they were mailed to the third parties. Id. ¶ 20; Manzur Decl. ¶¶ 6-13.

The summonses were signed by Manzur, but did not bear the signature of a separate "Approving Officer." Compl. ¶¶ 4-5, 10-11. The summonses also did not contain a certification of compliance with the Right to Financial Privacy Act, nor did the copy of the summonses mailed to plaintiff contain the RFPA notice set forth at 12 U.S.C. § 3405(2). Id. ¶¶ 35-36.

Based on the foregoing events, plaintiff alleges four causes of action. Counts One and

Three allege that Manzur was without authority to issue the summonses and that they were issued without authorization from an approving officer in violation of the Internal Revenue Manual and Delegation Order No. 4. Count Two alleges that Manzur failed to provide plaintiff an advance notice of intent to contact third parties, in violation of 26 U.S.C. § 7602(c). Count Four alleges that the summonses were issued in violation of the certification and notice requirements set forth in the Right to Financial Privacy Act, 12 U.S.C. §§ 3403 and 3405. Based on the foregoing alleged violations, plaintiff seeks an injunction against defendants' use of any information about him obtained through the summonses and an injunction requiring defendants to comply with all substantive and procedural requirements of the internal revenue laws. Plaintiff also seeks a declaration that defendants violated those laws and the U.S. Constitution.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court --

3

plaintiff here -- bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

### I. Injunctive Relief

Defendants contend that injunctive relief is not available to plaintiff under the Administrative Procedure Act because the limited waiver of sovereign immunity with respect to a lawsuit challenging an IRS summons at 26 U.S.C. § 7609 precludes recourse under the APA. In response, plaintiff contends that the APA grants a cause of action to any "'person suffering legal wrong because of agency action,'" and that the APA expressly authorizes a court to "'hold unlawful and set aside agency action . . . found to be . . . in excess of statutory jurisdiction, authority, or limitations.'" Pl.'s Opp'n at 1-2 (quoting 5 U.S.C. §§ 702 and 706(2)).  Hence, he contends he may seek relief under the APA for the IRS actions underlying the allegedly improper issuance of summonses.

Plaintiff is correct that the APA generally authorizes challenges to final agency action, but he fails to acknowledge the restrictions in § 702(2).  This provision states that "[n]othing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702(2).  With respect to an IRS third-party summons, 26 U.S.C. § 7609 constitutes the United States's limited consent to a lawsuit challenging its legal authority to issue the summons. McCammon, 569 F. Supp. 2d at 80-81

("courts interpreting 26 U.S.C. § 7609(h) have repeatedly concluded that it limits federal district courts' subject matter jurisdiction to hear petitions to quash IRS summonses"); Yocum v. United States, 586 F. Supp. 317, 318 (N.D. Ind. 1984) (noting that under § 7609, "the United States is consenting to waive its sovereign immunity from suit in the area of issuance of third party IRS summonses"). This provision alone impliedly forbids seeking relief instead under the APA.

But there is more. The Ant-Injunction Act expressly prohibits injunctive relief pertaining to the assessment or collection of any tax -- a prohibition which applies equally to actions to enjoin IRS investigative actions.[1] Taylor v. United States, 292 Fed. Appx. 383, 388 (5th Cir. 2008); Hobson v. Fischbeck, 758 F.2d 579, 580-81 (11th Cir. 1985); see also Stewart v. United States, 578 F. Supp. 2d 30, 36 (D.D.C. 2008) (rejecting plaintiff's request for "an order broadly enjoining the IRS from violating the Internal Revenue Code," explaining that the Anti-Injunction Act precludes such an action). In light of the limited waiver of sovereign immunity in § 7609 for challenges to IRS summonses, and the prohibition against injunctive relief set forth in the Anti-Injunction Act, the Court concludes that other statutes "expressly or impliedly forbid[] the relief sought" within the meaning of § 702(2) of the APA, and hence plaintiff is precluded from seeking injunctive relief under the APA.[2]

---

[1] The Anti-Injunction Act contains limited exceptions not applicable here. These are 26 U.S.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436. See 26 U.S.C. § 7421(a). None of these provisions are cited in plaintiff's complaint.

[2] Some district courts have gone further and held that § 7609 provides "the exclusive method by which a taxpayer can challenge a summons issued by the IRS to a third-party recordkeeper." See Loppnow v. United States, No. 08-MC-661, 2009 WL 1383099, at *2 (E.D. Mo. May 14, 2009); accord Viewtech, Inc. v. United States, No. 09cv1606, 2009 WL 3378990, at *1 (S.D. Cal. Oct. 16, 2009). Defendants have not made that argument here. Because the Court has ruled on other grounds, it will not reach the broader issue of whether § 7609 is an exclusive remedy that precludes relief under any other federal law.

## II.     Declaratory Relief

To the extent that plaintiff seeks declaratory relief with respect to the IRS summonses, the Declaratory Judgment Act, 28 U.S.C. § 2201, bars his claim. Section 2201(a) authorizes a court of the United States to "declare the rights and other legal relations of any interested party," but expressly excludes cases "with respect to Federal taxes," subject to one exception not applicable here. See Bob Jones Univ. v. Simon, 416 U.S. 725, 732-33 n.7 (1974) ("The congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments. . . . [T]he federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act."); Murphy v. United States, 493 F.3d 170, 174 (D.C. Cir. 2007) (holding in the context of a plaintiff's suit to recover income taxes that "Congress has preserved the immunity of the United States from declaratory . . . relief with respect to all tax controversies except those pertaining to the classification of organizations under § 501(c) of the [Internal Revenue Code]"); Taylor, 292 Fed. Appx. at 388 (holding that plaintiffs seeking to quash IRS summonses were precluded from obtaining declaratory relief because the Declaratory Judgment Act "bars claims with respect to a dispute over federal taxes").

In any event, plaintiff's claim in Counts One and Three that defendants' issuance of the summonses violated IRS statutes and regulations is plainly without merit. Defendants have submitted the current version of Delegation Order No. 4 (Rev. 23, signed August 16, 2002) which establishes that, as a "Special Agent," Manzur was authorized to issue the third-party summonses. See Def.'s Mem. at 3-4; Def.'s Reply, Ex. A. Delegation Order No. 4, on its face, delegates the authority to issue summonses to "Assistant Regional Inspectors (Internal Security), Director, Office of Investigations and Technology, Special Agents, and Group Managers (including large case managers) in District Collection, Examination, and Employee Plans and Exempt Organizations." Def.'s Reply, Ex. A (emphasis added). Plaintiff's reliance on a prior

version of the Delegation Order -- "Rev. 21" issued in 1991 (Compl., Ex. B) -- is of no moment in light of this more recent delegation.[3]

Count Two fares no better. There, plaintiff contends that defendants were required to provide advance notice of the summonses pursuant to 26 U.S.C. § 7602(c). However, this section contains an exception where the summons is issued "with respect to any pending criminal investigation." Id. § 7602(c)(3)(C). The complaint acknowledges that the summonses were issued as part of a criminal investigation against plaintiff, and Manzur's declaration confirms this. See Compl. ¶ 4; Manzur Decl. ¶¶ 3-5. Therefore, defendants were not required to provide advance notice of the summonses to plaintiff under § 7602(c). In short, assuming arguendo that the Court could consider the merits of Counts One, Two, and Three, defendants would be entitled to summary judgment on those claims.[4]

## III. Right to Financial Privacy Act

Defendants move to dismiss plaintiff's separate claim under the Right to Financial Privacy Act (Count Four) on the ground that IRS summonses are exempted from its provisions. Defs.' Mem. at 3. Defendants rely on 12 U.S.C. § 3413(c), which provides that "[n]othing in this chapter prohibits the disclosure of financial records in accordance with the procedures authorized by Title 26." Title 26 is, of course, a reference to the Internal Revenue Code, and includes the summons provision at issue in this case, 26 U.S.C. § 7609. In response, plaintiff contends that the RFPA exception for disclosures "authorized by Title 26" does not apply here because

---

[3] Plaintiff makes much of the absence of a signature on the line labeled "Approving Officer (if applicable)." Because Manzur was authorized to issue the summonses under Delegation Order No. 4, the signature of a separate "Approving Officer" was not necessary.

[4] "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

defendants violated Title 26 when they failed to obtain the signature of an "approving officer." Pl.'s Opp'n at 10-11.

First, under the plain language of 12 U.S.C. § 3413(c), the RFPA does not apply to summonses issued pursuant to 26 U.S.C. § 7609 because, to state the obvious, they are summonses "in accordance with the procedures authorized by Title 26." See Grant v. IRS, No. 06-CV-402-JMH, 2007 WL 2174731, at *4 (E.D. Ky. July 27, 2007) (holding that under the plain language of § 3413(c), "the RFPA's notice requirements . . . simply do not apply to I.R.S. subpoenas," referring to a summons issued to a bank under 26 U.S.C. § 7609); Bell v. United States, 521 F. Supp. 2d 456, 460-61 (D. Md. 2007) (holding that the IRS was not required to provide a "certificate of compliance" with the RFPA under 12 U.S.C. § 3403(b) with respect to issuance of summonses, based on the exclusion set forth at 12 U.S.C. § 3413(c)), aff'd, 275 Fed. Appx. 221 (4th Cir. 2008) (per curiam).

Plaintiff seeks to overcome the § 3413(c) exclusion of Title 26 summonses from the RFPA by arguing that the exclusion does not apply because the summonses at issue are not "authorized by Title 26" in light of the absence of the signature of an approving officer. But the Court already has rejected plaintiff's claims that the summonses were not authorized by Title 26, holding that neither an additional signature nor advance notice was required. Hence, the RFPA's exclusion of financial records disclosed "in accordance with the procedures authorized by Title 26" applies here, and plaintiff is precluded from seeking relief under the RFPA.[5]

---

[5] Plaintiff relies on Neece v. IRS, 96 F.3d 460 (10th Cir. 1996), for the proposition that a plaintiff may seek relief under the RFPA notwithstanding 12 U.S.C. § 3413(c). In Neece, however, the RFPA claim was allowed to proceed because "the financial institution voluntarily cho[se] to allow the IRS" to examine the taxpayer's financial records, without the issuance of a summons. 96 F.3d at 462 (emphasis added). Nothing in Neece suggests than a RFPA claim may proceed where an IRS summons has been issued under § 7609.

**IV.     Petition to Quash Summonses Under 26 U.S.C. § 7609**

Finally, defendants contend that, in the event that the complaint is construed as a petition to quash the summonses under 26 U.S.C. § 7609, the claim must be dismissed as time-barred. The Court agrees. Sections 7609(b) and (h) provide a taxpayer with the right to intervene and file a petition to quash an IRS summons in the appropriate U.S. district court. The taxpayer must begin the proceeding "not later than the 20th day after the day such notice is given." 26 U.S.C. § 7609(b)(2)(A). It is undisputed that the IRS mailed the summonses at issue between December 15, 2006 and March 2, 2007. See Compl. ¶ 1; Manzur Decl. ¶ 5. The 20-day period expired, then, at the latest, on March 22, 2007. Plaintiff did not file his complaint until December 1, 2008, over 20 months later. Accordingly, the complaint, to the extent it can be construed as a petition to quash the summonses, is time-barred.[6]

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion to dismiss. Plaintiff's claims for injunctive relief will be dismissed for lack of subject matter jurisdiction. Plaintiff's remaining claims will be dismissed for failure to state a claim upon which relief can be granted.

/s/
JOHN D. BATES
United States District Judge

Dated:  December 17, 2009

---

[6] Defendants also contend that a petition to quash cannot be heard in this district because such petitions must be filed in the judicial district "within which the person to be summoned resides or is found," citing 26 U.S.C. § 7609(h). However, the current record does not provide sufficient information as to whether any of the seven financial institutions may be considered "found" in the District of Columbia; hence, the Court declines to rule on this ground.